[Civ. No. 2180. Second Appellate District.—October 12, 1916.]

## LOUISE B. DAHNE, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF SAN DIEGO, Respondent.

DIVORCE—APPLICATION FOR COUNSEL FEES AND COSTS—ALLEGED NON-RESIDENCE OF WIFE—RIGHT TO PRIOR HEARING OF APPLICATION.—A wife who is without means to prosecute an action for divorce is entitled to have an application made by her for attorney's fees, court costs, and alimony *pendente lite* heard and determined in advance of the question raised by the defendant as to her alleged nonresidence, and consequent lack of jurisdiction of the court.

ID.—RESIDENCE IN DIVORCE ACTIONS—CONSTRUCTION OF SECTION 128, CIVIL CODE.—Section 128 of the Civil Code relative to residence of the plaintiff in actions for divorce does not impose any limitation on the jurisdiction of the superior court in such actions, but simply prescribes certain facts essential to the making out of a case warranting a divorce, and allegations in regard to residence stand upon the same footing as any other allegation of facts showing the right to a divorce.

APPLICATION for a Writ of Mandate originally made to the District Court of Appeal for the Second Appellate District to compel the Superior Court to hear and determine an application for counsel fees, court costs, and alimony *pendente lite* in an action for divorce.

The facts are stated in the opinion of the court.

C. C. Kempley, and Holcomb & Kempley, for Petitioner.

W. Jefferson Davis, for Respondent.

JAMES, J.—Petition for mandate to compel the superior court of the county of San Diego to hear and determine the application of Louise B. Dahne made for the purpose of securing to her in a divorce action against Eugenio Dahne an allowance to cover attorney's fees, court costs, and alimony *pendente lite.* This petitioner filed her complaint in due form in the superior court, alleging, among other things, that she had resided in the state for one year and in the county of San Diego for ninety· days next preceding the commencement of her action; and further set forth that she was without means or money with which to prosecute the action. The complaint was duly verified. The matter of her application for the allowance referred to first coming on to be heard, the defendant filed a demurrer, alleging among other grounds that the court had no jurisdiction over his person. He also made a motion to quash the service of summons and dismiss the action on the ground that he was not a resident of the state of California, but was a resident of Brazil, and that he was in the state of California for a temporary purpose as representative of the department of agriculture, industry, and commerce of the government of Brazil. The argument is made that the domicile of the husband is in law the domicile of the wife, and that as the defendant was a Brazilian subject and had no intention of remaining permanently in the state, the wife could claim no residence here sufficient to entitle her to bring an action for divorce. We do not understand the law to be that a citizen of a foreign country may not, even under the alleged facts asserted by petitioner's husband, be deemed in a divorce action to have acquired such residence as the code (Civ. Code, sec. 128) requires. But that is a matter which

need not here be considered. Counsel for the defendant insisted upon the right to have the question of the plaintiff's residence determined in advance of the hearing on the application for an allowance of attorney's fees and costs, and in this contention he was sustained by the trial judge who, as appears from the petition and return herein, has refused to consider the motion for such allowances. On the other hand, the court proposes to proceed in advance of the trial of the case to a hearing of the motion to dismiss the suit and to determine the truth of the allegation of plaintiff's complaint that she has been a resident of the state of California for a period of one year and of the county of San Diego for a period of ninety days next preceding the commencement of her action. The question presented is as to whether the plaintiff, this petitioner, in view of her verified assertion that she is without means to live or prosecute the action, is entitled to have her application heard in advance of the trial of the main issues. As appears from the petition, the trial judge is of the opinion that the question of the plaintiff's residence, where challenged, must be first established before any jurisdiction rests in the court to make to her any allowance provided to be made under the provisions of the Civil Code. We cannot agree with the view taken by the learned trial judge on that proposition. In the case of *Estate of McNeil*, 155 Cal. 333, [100 Pac. 1086], it is said: "Section 128 of the Civil Code, relative to residence of the plaintiff, does not impose any limitation on the *jurisdiction* of the superior court in the matter of divorces, but simply prescribes certain facts essential to the making out of a case warranting a divorce, and allegations in regard to residence stand upon the same footing as any other allegation of facts showing the right to a divorce." Admitting, as we must for the purpose of this motion, that the petitioner is without means to prosecute her divorce action, is to admit that she is without means of meeting the objection raised by the defendant as to one of the material issues in the case. That issue is to be treated as any other issue of fact, and the wife should in a proper case be furnished with funds by her husband in order that she may employ counsel and produce such evidence as may be available to her. To say that she is entitled to have her motion for a preliminary allowance heard by the court before being required to meet the defendant on issues regularly

proposed by the complaint is not to say that the court must make such allowance, for that is a matter which the discretion of the trial judge will regulate altogether upon the hearing of the motion.   But it appears clear to us that the petitioner is entitled to have her application considered in advance of the determination of any question of residence which the defendant has sought to interpose in advance of the trial.

Peremptory writ of mandate is ordered to Be issued, requiring respondent superior court to proceed in accordance with the conclusions expressed in this opinion; petitioner to have her costs.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 11, 1916.