[Civ. No. 20228.   Second Dist., Div. Three.   Nov. 17, 1954.]

VERA MARY CHERNOW, Respondent, v. PAUL CHERNOW, Appellant.

J. M. Sinclair for Appellant.

Jerry Giesler and Harold C. Holland for Respondent.

VALLÉE, J.—Appeal by defendant from that part of an interlocutory judgment of divorce which orders him to pay plaintiff's attorney's fees.

The complaint, filed October 1, 1952, did not allege that plaintiff had been a resident of the state one year and of the county of Los Angeles three months next preceding the commencement of the action. (Civ. Code, § 128.) On October 22, 1952, on the hearing of an order to show cause, defendant was ordered to pay $1,000 on account of attorney's fees to plaintiff's attorneys, the balance, if any, to be fixed at the time of trial. The cause went to trial on July 27, 1953. At the time of trial $203.96 of the $1,000 was unpaid. On July 31, 1953, at the close of the trial, the complaint was amended to allege residence.

Plaintiff was granted an interlocutory judgment of divorce on September 4, 1953. The judgment ordered defendant to pay to the attorneys for plaintiff as attorney's fees the balance of $203.96 and an additional $750.

Defendant contends that an allegation of residence is jurisdictional; the order of October 22, 1952, is void; the amendment of July 31, 1953, did not relate back to the date of the filing of the complaint; the award of the additional $750 was for past services and unauthorized because of the invalidity of the order of October 22, 1952. We have concluded that defendant's contentions cannot be sustained.

The requirement of section 128 of the Civil Code that a complaint for divorce allege residence is mandatory but it is not jurisdictional. Failure to comply with the mandate of the section is nothing more than error in the exercise of jurisdiction. Such failure does not result in any limitation of, or otherwise affect, the jurisdiction of the court. (*DeYoung* v. *DeYoung*, 27 Cal.2d 521, 526 [165 P.2d 457]; *Kelsey* v. *Miller*, 203 Cal. 61, 88 [263 P. 200]; *Hamblin* v. *Superior Court*, 195 Cal. 364, 373 [233 P. 337, 43 A.L.R. 1509]; *Dahne* v. *Superior Court*, 31 Cal.App. 664, 666 [161 P. 280].)

When a complaint praying for a divorce is filed the court at once acquires jurisdiction of the subject matter of the action regardless of whether the complaint states facts warranting the granting of a divorce. When the court obtains jurisdiction of the person of the defendant, it has the power to hear and determine the cause. (*Estate of McNeil*, 155 Cal. 333, 340 [100 P. 1086].) In hearing and determining the cause the court is proceeding in the lawful exercise of its jurisdiction which includes the power, during the pendency of the action, to require the husband to pay as attorney's fees any money necessary for the prosecution of the action. (Civ. Code, §§ 137.3, 137.5.) We conclude that the order of October 22, 1952, was made in the lawful exercise of the jurisdiction of the court and is valid.

Since $203.96 of the amount ordered paid on October 22, 1952, was unpaid at the time of trial, the inclusion of an order for payment of that amount in the interlocutory judgment was proper.

Prior to September 9, 1953, an allowance of attorney's fees was proper only if, before the services were performed, there had been an application by the plaintiff for such fees, and a stipulation by the defendant or an order of the court that the fixing of the amount thereof could be postponed until the services had been performed. (*Smith* v. *Smith*, 115 Cal.App.2d 92, 103 [251 P.2d 720].) In the present case there was such an application and such an

order.[1] Since the court on October 22, 1952, had jurisdiction to and did order that the fixing of the balance of attorney's fees should be postponed to the time of trial, the trial court did not err in awarding $750 for past services in the interlocutory judgment.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

---

[1]Civil Code, section 137.3, was amended in 1953 to provide in part that during the pendency of an action for divorce "Attorney's fees and costs within the provisions of this section may be awarded for legal services rendered or costs of action incurred prior, as well as subsequent, to any application or order of court therefor, including services rendered or costs incurred prior to the filing of the complaint." (Stats. 1953, ch. 620, p. 1864, § 1.)