[Civ. No. 10015.   Third Dist.   Sept. 28, 1960.]

NANCY S. HANDY, Petitioner, v. SUPERIOR COURT OF SOLANO COUNTY, Respondent; GILBERT HANDY, Real Party in Interest.

Roy E. Hamrick for Petitioner.

No appearance for Respondent.

William H. McPherson for Real Party in Interest.

WARNE, J. pro tem.*—Petitioner Nancy S. Handy seeks a writ of prohibition to prevent the Superior Court of Solano County from proceeding to hear the case of *Gilbert Handy, Plaintiff and Cross-Defendant* v. *Nancy S. Handy, Defendant and Cross-Complainant,* (Case No. 34682).

On March 29, 1960, Gilbert S. Handy filed suit in Solano County for annulment against Nancy S. Handy. On May 10, 1960, Nancy filed a verified answer to the verified complaint for annulment and also filed a verified cross-complaint for divorce in which she alleged that both she and Gilbert Handy were residents of Alameda County. On May 12, 1960, Nancy filed a notice of motion for a change of venue. At the hearing, Nancy, through her attorney, objected to the jurisdiction of the court and requested that the cause be transferred to Alameda County on the following grounds: 1. That the convenience of witnesses would be served by a transfer, and, 2. that, though brought in a proper county, the cross-complaint and the admitted residence of the parties in Alameda County, compelled a transfer. After a hearing the trial court denied the motion for a change of venue and this proceeding followed.

Petitioner relies on that portion of section 396 of the Code of Civil Procedure which provides:

"If an action or proceeding is commenced in . . . a court which has jurisdiction of the subject matter thereof as determined by the complaint . . . , and it thereafter appears from the verified pleadings, or at the trial, . . . , that the determination . . . of a cross-complaint, will necessarily involve the deter-

*Assigned by Chairman of Judicial Council.

mination of questions not within the jurisdiction of the court, in which the action . . . is pending, the court, whenever such lack of jurisdiction appears, must suspend all further proceedings therein and transfer the action . . . and certify the pleadings . . . and all papers and proceedings therein, to a court having jurisdiction thereof. . . .''

The question presented is what the word ''jurisdiction'' means in the context of the statute.

■ ''Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties. . . .

■ ''But in its ordinary usage the phrase 'lack of jurisdiction' is not limited to these fundamental situations. For the purpose of determining the right to . . . restraint by prohibition . . . a much broader meaning is recognized. Here it may be applied to a case where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no 'jurisdiction' (or power) . . . to give certain kinds of relief, . . .'' (*Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715].)

■ The provisions of section 128 of the Civil Code, forbidding the granting of a divorce unless one of the parties meets the residential requirements of the section, are not jurisdictional in the sense that the failure to comply with the residential requirements makes the decree void. (*Kelsey* v. *Miller*, 203 Cal. 61, 88 [263 P. 200]; *Estate of McNeil*, 155 Cal. 333 [100 P. 1086]; *DeYoung* v. *DeYoung*, 27 Cal.2d 521 [165 P.2d 457]; *Chernow* v. *Chernow*, 128 Cal.App.2d 816 [276 P.2d 622].) ■ But under the situation here presented where the relief demanded in the cross-action, could not, over objection, be given, it appears that the respondent court lacked the jurisdiction to proceed to trial. The relief sought by petitioner in her cross-complaint can only be granted by the Superior Court of Alameda County. Section 396 was meant to apply in a situation like this. Therefore, the respondent court acted in excess of jurisdiction when it denied petitioner's motion for a change of venue to Alameda County.

The petition for a peremptory writ of prohibition to prevent the respondent Superior Court from proceeding to try the action is granted and the court is directed to transfer said action to the Superior Court of Alameda County.

Van Dyke, P. J., and Peek, J., concurred.