74 Cal.App.3d 98 (1977)
141 Cal. Rptr. 333
In re the Marriage of ROXIE and BERNIE E. HARRIS.
BERNIE E. HARRIS, Respondent,
v.
ROXIE HARRIS, Appellant.
Docket No. 40693.
Court of Appeals of California, First District, Division Four.
October 17, 1977.
*99 COUNSEL
Alfred M. Miller and Baron L. Miller for Appellant.
Robert J. Cort for Respondent.
OPINION
CHRISTIAN, J.
Roxie Harris (wife) appeals from an order denying her motion to set aside her default and a default judgment in this marital dissolution proceeding brought by Bernie E. Harris (husband).
Husband's request for default, filed in January 1976, was accompanied by an affidavit stating that notice had been mailed to Stephen Redner, an attorney whom wife had consulted. Mr. Redner returned the documents to husband's attorney, informing him that he had not been retained by wife but that he had advised her that her default would be taken. The returned documents were then sent by husband's attorney to wife at her residence, but no affidavit was filed evidencing this second mailing.
*100 Wife contends that since husband failed to support his request to enter default with a declaration showing that a copy of the request had been mailed to wife, the resulting default judgments were invalid.
Code of Civil Procedure section 587[1] requires that an application for entry of a default (Code Civ. Proc., § 585, subds. 1, 2; § 586, subd. 3) or of a judgment (Code Civ. Proc., § 585, subd. 3) be accompanied by an affidavit showing that a copy of the application has been mailed to the defendant's attorney of record. If there is no attorney of record, the copy of the application must be mailed to the defendant at his last known address, and if no address is known, the affidavit must so state. The statute provides that no application for default judgment shall be heard, and no default entered, unless such an affidavit has been filed. It is provided, however, that the failure to receive notice will not invalidate the judgment. Civil Code section 4001 authorizes the Judicial Council to provide by rule for the practice and procedure in proceedings under the Family Law Act. Accordingly, it has been provided in rule 1206, California Rules of Court, that requirements governing civil actions generally apply to proceedings pursuant to the Family Law Act. Thus, rule 1240, California Rules of Court,[2] applies to marital causes in requiring that an address must be given in every case before a default may be taken.
In the present case, the affidavit of mailing states that a copy of the request for default was sent to Mr. Redner. There was evidence that he was an attorney whom wife had consulted, but no appearance had been made by the wife; hence, Redner was not wife's attorney of record. Although there is evidence that a copy of the application was then in fact *101 forwarded to wife, no affidavit establishing that fact was filed. Therefore, it must be concluded that husband failed to comply with section 587 and rule 1240, and that the clerk should not have entered wife's default.
The consequences of this lapse are not prescribed in the statute: section 587 does not expressly make the affidavit requirement jurisdictional. It does, however, state that nonreceipt of the required notice will not of itself invalidate the judgment. Only two California cases have dealt with section 587; neither considered the affidavit requirement. (See Flood v. Simpson (1975) 45 Cal. App.3d 644, 648, fn. 4 [119 Cal. Rptr. 675]; Westport Oil Co. v. Garrison (1971) 19 Cal. App.3d 974, 978, fn. 1 [97 Cal. Rptr. 287].) One federal district court, applying California law, has stated: "A careful reading of Section 587 reveals that all that is required to validate the judgment is that an affidavit be filed saying a mailing was made." (Johnson v. McDole (W.D.La. 1975) 394 F. Supp. 1197, 1202.) The court in Johnson, supra, page 1202, also cited Witkin, California Procedure (4 Witkin, Cal. Procedure (2d ed. 1971) § 153, p. 2811). Witkin states that "[i]t would seem that a default or default judgment entered without the affidavit will be invalid." However, Witkin cites no case authority for this position. Similarly, it has been stated, without citation of authority, in Review of Selected 1969 Code Legislation (Cont.Ed.Bar 1969) page 83: "If the required affidavit has not been filed, the court lacks jurisdiction to hear an application for entry of default or default judgment."
The legislative history of section 587 is similarly inconclusive. Section 587, enacted in 1969, was part of a bill sponsored by the State Bar of California for the purpose of minimizing the possibility that a default may be taken against a party who intends to defend on the merits. It was stated by the State Bar Committee on Administration of Justice that motions for relief under Code of Civil Procedure section 473 and under the equity power of the court were occupying the time of courts and counsel in determining whether in the particular case the default and default judgments should be set aside after a lapse of time. It was hoped that to require an affidavit stating that notice had been mailed to the attorney of record or, if none, to the defendant would reduce the incidence of such motions. The question whether the affidavit requirement should be jurisdictional is not discussed.[3] In the absence of any indication of legislative intent on that point, this court should consider *102 the general purpose of the statute, as well as the consequences of alternative constructions, as guides to interpretation.
The purpose of the enactment was to reduce uncertainty and reduce the time spent in the trial court considering motions for relief from default under Code of Civil Procedure section 473 and under the equity power of the court. By requiring an affidavit stating that notice has been mailed, the Legislature sought to reduce the occasion for later motions for relief from default. It appears that the statutory provision would be effective whether or not the requirement is characterized as being jurisdictional.
The mandatory language of the statute does not necessarily make it jurisdictional. (See Chernow v. Chernow (1954) 128 Cal. App.2d 816, 818 [276 P.2d 622]; Liberty Mut. Ins. Co. v. Ind. Acc. Com. (1964) 231 Cal. App.2d 501, 508-510 [42 Cal. Rptr. 58].) Most important, however, is a consideration of the consequences to litigants were the affidavit requirement of section 587 held to be jurisdictional. Years after a default judgment had been rendered, a party could have the judgment declared void, even though notice had in fact been given, because a clerk had mistakenly entered a default though an affidavit had not been filed showing that notice had been given. This disruptive result would ensue even though the defaulting party had been fully aware that his default was being taken. The result would be particularly unsatisfactory in dissolution cases where property which had earlier been divided was subsequently sold to an uninvolved third party. (1) Accordingly, in the absence of any legislative expression, we hold that failure to comply with the affidavit requirement is an error in the exercise of jurisdiction, but does not deprive the court of jurisdiction to render judgment.
The trial court in the present case, then, committed error by rendering a default judgment when the file did not contain the required affidavit. But there is substantial evidence to support a finding that wife had actual notice of husband's intent to take a default, even though husband had not complied with the statutory provision. The attorney she had earlier consulted stated that he informed her that her default would be taken. There was evidence that the required notice had been sent to her by husband's attorney, even though the affidavit requirement had not been complied with. If wife did receive actual notice, the error in failing to file an affidavit would not be prejudicial. If no harm to wife resulted from that error, the motion to set aside the judgment was properly to be denied. (Cal. Const., art. VI, § 13.) In support of the court's order, this *103 court must infer findings that wife had actual notice of the taking of the default and that the error was therefore not prejudicial.
The order is affirmed.
Caldecott, P.J., and Rattigan, J., concurred.
A petition for a rehearing was denied November 2, 1977, and appellant's petition for a hearing by the Supreme Court was denied December 15, 1977.
NOTES
[1] Code of Civil Procedure section 587:

"An application by a plaintiff for entry of default under subdivision (1) or (2) of Section 585 or Section 586 or an application for judgment under subdivision (3) of Section 585 shall include an affidavit stating that a copy of such application has been mailed to the defendant's attorney of record or, if none, to the defendant at his last known address and the date on which such copy was mailed. If no such address of the defendant is known to the plaintiff or plaintiff's attorney the affidavit shall state such fact.
"No application for judgment under the provisions of subdivision (3) of Section 585 shall be heard, and no default under the provisions of subdivision (1) or (2) of Section 585 or Section 586 shall be entered, unless such affidavit is filed. The nonreceipt of such notice shall not invalidate or constitute ground for setting aside any judgment."
[2] California Rules of Court, rule 1240: "No default may be entered in any proceeding unless the Request and Declarations re Default in the form prescribed by Rule 1286 has been completed in full and filed by the petitioner. For the purpose of completing the declaration of mailing, it is not sufficient to state that the address of the party to whom notice is given is unknown or unavailable, and no default shall be entered unless an address is given."
[3] State Bar of California Interim Reports, Committee on Administration of Justice, January 1968 and March 1969.