Filed 10/28/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| YOGESH DHAWAN, | B257977 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC322278) |
| v. | |
| MANMOHAN SINGH BIRING, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles, Deirdre Hill, Judge. Affirmed.

Conner & Associates, Bren C. Conner, for Plaintiff and Appellant.

Salvato Law Offices, Gregory M. Salvato, Joseph Boufadel, for Defendant and Respondent.

_____

Plaintiff and appellant Yogesh Dhawan appeals from an order granting a motion to vacate and set aside a default judgment filed by defendant and respondent Manmohan Singh Biring. Because plaintiff's complaint did not specify the amount of damages sought, the default judgment was void and subject to collateral attack at any time. We are unpersuaded by plaintiff's contention that he met the requirements of Code of Civil Procedure, section 580[1] by serving defendant with a statement of damages under section 425.11 or 425.115, when the underlying claims did not involve personal injury or wrongful death, and the default judgment was for compensatory damages only. We also reject plaintiff's argument that the default judgment is merely voidable, rather than void. We affirm the court's order setting aside default judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and defendant were previously in a business relationship, the details of which are not relevant to our analysis. After the relationship deteriorated, plaintiff filed a civil complaint in September 2004, alleging 13 contract and fraud-based causes of action against defendant and a corporate defendant, HealthWest, Inc.[2] The complaint contained a prayer for relief seeking a judgment: "1. For general damages, according to proof; [¶] 2. For special damages, according to proof; [¶] 3. For punitive damages where they are available under California law"; and injunctive relief, costs of suit and reasonable attorney fees.

Plaintiff obtained entry of defendants' defaults in February 2005. At a default

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise stated.

[2] Plaintiff obtained default judgment against defendant HealthWest, Inc. as well, but the motion to set aside default judgment was only filed by defendant Biring, and Biring is the only respondent on appeal.

prove-up hearing in June 2005, the trial court found that plaintiff had not filed a statement of damages, and granted plaintiff's oral request to vacate the prior defaults.[3]

In August 2005, plaintiff served a statement of damages on defendants.[4] The statement of damages identified a total of $2,153,333 in general and special damages, including $250,000 for emotional distress.[5] It also informed defendants that plaintiff reserved the right to seek an additional $1,000,000 in punitive damages. On September 12, 2005, the court issued a default judgment for $1,924,008.64 in money damages, which did not include any damages for emotional distress or punitive damages. The default judgment stated defendants had been "properly served with a copy of the summons and complaint but failed to answer within the time allowed by law" and defendants had also been "properly served with a copy of plaintiff's Statement of Damages further notifying defendants of the damages [*sic*] amounts being claimed, but that defendants failed to respond within the time allowed by law." Plaintiff served defendants with a notice of entry of judgment on September 22, 2005. In July 2006, the court denied defendants' motion to set aside the default judgment under section 473, subdivision (b), on the grounds of attorney mistake or fault.

On March 1, 2013, defendant filed a motion to vacate and set aside[6] the default judgment the court had entered almost seven years earlier.[7] Defendant sought relief

---

[3] Both parties in their briefing offer differing characterizations of what transpired at the hearing, but because the record does not contain a transcript, we rely solely on the information contained in the court's minute order.

[4] A process server served defendant Biring by substituted service on his wife, and defendant HealthWest was served by mail.

[5] In what appears to be a mathematical error, the statement of damages incorrectly provides a total of $1,290,000 for general damages, even though the components listed only add up to $1,270,000. Plaintiff also lists $883,333.00 in special damages.

[6] Subsequent references to defendant's motion will refer to it as a motion to vacate, rather than a motion to vacate and set aside.

under section 473, subdivision (d), arguing the default judgment was void under section 580 because the damages exceeded the amounts demanded in plaintiff's complaint.

More than a year later, on May 2, 2014, after numerous continuances and procedural maneuvers by the parties, the court issued a detailed tentative ruling and continued oral argument to May 6, 2014. The court's tentative ruling was to deny the motion to vacate, but the court took the matter under submission after oral argument. The court heard oral argument again on May 27, 2014.

On May 30, 2014, the court granted defendant's motion to vacate the default judgment. Plaintiff filed a motion for reconsideration on June 10, 2014, which the court denied on July 22, 2014. On August 1, 2014, plaintiff filed a notice of appeal seeking review of the trial court's May 30, 2014 order vacating the default judgment, and from the July 22, 2014 order denying plaintiff's motion for reconsideration.[8]

## STANDARD OF REVIEW

We apply a de novo standard of review to the trial court's determination that a default judgment is void. (*Talley v. Valuation Counselors Group, Inc.* (2010) 191 Cal.App.4th 132, 146).

---

[7] Once again, plaintiff in his opening brief purports to provide details about events leading up to defendant's motion to vacate default judgment. We cannot consider facts that are not supported by the record, and therefore decline to mention or address those events.

[8] Plaintiff's opening brief offers no argument pertaining to his appeal of the order denying his motion for reconsideration. Because we affirm the lower court's order granting defendant's motion to vacate default judgment, we also affirm the decision to deny plaintiff's motion for reconsideration.

4

## DISCUSSION

Plaintiff contends the trial court's decision to grant defendant's motion to vacate was erroneous for two reasons. First, because defendant received actual notice of the damages plaintiff sought when he was personally served with a statement of damages, the default judgment complied with section 580 and did not exceed the court's jurisdiction. Second, if the default judgment did violate section 580, the trial court's error merely rendered the judgment *voidable*, rather than *void*, and the trial court lacked authority to vacate the judgment more than six months after judgment was entered.

The key question on appeal is whether the default judgment was void because it exceeded the court's jurisdiction. We conclude that it was void, and therefore affirm the May 30, 2014 order granting defendant's motion to vacate.

***A statement of damages only satisfies the requirements of Code of Civil Procedure section 580 when the law prevents a plaintiff from stating an amount of damages in the body of the complaint.***

Section 580, subdivision (a), limits a trial court's jurisdiction to grant relief on a default judgment to the amount stated in the complaint. (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 826-827 (*Greenup*); *Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 493-494 (*Becker*); *Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 752 (*Rodriguez*).) The amount of the default judgment "cannot exceed that demanded in the complaint, in the statement required by Section 425.11, or in the statement provided for by Section 425.115." (§ 580, subd. (a).) The statement required by section 425.11 is a statement of damages served separately on a defendant in "an action to recover damages for personal injury or wrongful death." (§ 425.11, subd. (b).) The statement provided for by section 425.115 ensures that a "plaintiff preserves the right to seek punitive damages pursuant to Section 3294 of the Civil Code on a default judgment." (§425.115, subd. (b).) The purpose of the statement of damages (under section 425.11 or section 425.115) is to

5

notify a defendant of the amount of damages sought where the law prevents the plaintiff from including a specific amount in the complaint. "Under Code of Civil Procedure section 425.10, subdivision (b), a complaint in an action for personal injury or wrongful death may not state the amount of damages. Similarly, under Civil Code section 3295, subdivision (e), a complaint may not state the amount of punitive damages sought." (*Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 398.)

"The Legislature enacted sections 580, 425.11, 425.115, and related statutes to ensure that a defendant who declines to contest an action does not suffer open-ended liability. (*Greenup, supra*, 42 Cal.3d at p. 826.) The statutes recognize a defendant's entitlement to 'one "last clear chance"' to respond to the complaint and avoid the consequences of a substantial judgment. (*Schwab v. Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 433.)" (*Electronic Funds Solutions v. Murphy* (2005) 134 Cal.App.4th 1161, 1173-1174.) In *Greenup, supra*, 42 Cal.3d at page 829, the California Supreme Court concluded "that due process requires notice to defendants, whether they default by inaction or by willful obstruction, of the potential consequences of a refusal to pursue their defense. Such notice enables a defendant to exercise his right to choose—at any point before trial, even after discovery has begun—between (1) giving up his right to defend in exchange for the certainty that he cannot be held liable for more than a known amount, and (2) exercising his right to defend at the cost of exposing himself to greater liability." Division Three of this court has aptly explained that the purpose of section 580's restriction on the trial court's jurisdiction to award damages "is to ensure that a defendant is given adequate notice of the amount of the judgment that may be entered against the defendant, as required by due process." (*Matera v. McLeod* (2007) 145 Cal.App.4th 44, 61 (*Matera*).)

Plaintiff contends he satisfied due process by serving defendant with a statement of damages before seeking entry of default. He asks this court to apply the plain language of section 580 in his favor by finding that the personal service of a statement of damages satisfies the notice requirement of section 580, subdivision (a). Defendant seeks a more strict construction of the statutory language. He argues a default judgment cannot

6

meet the requirements of section 580 where the plaintiff serves a statement of damages in lieu of an amended complaint, where the claims do not involve personal injury or wrongful death and the judgment is not for punitive damages.

The case law favors a strict interpretation of section 580's requirement that a defendant be given formal notice—in the form of an amended complaint—of the extent of liability stemming from a decision to not appear in response to a complaint. In *Becker*, the earlier of two California Supreme Court cases considering the scope and application of section 580, the court considered whether a prayer for relief asking for damages "in excess of $20,000 . . . or according to proof," sufficiently met section 580's notice requirements to support a default judgment of slightly more than $26,000. (*Becker, supra,* 27 Cal.3d at pp. 491-492.) Noting that section 580's requirements were "designed to insure fundamental fairness" that would be "undermined if the door were opened to speculation" the court held "a prayer for damages according to proof passes muster under section 580 only if a specific amount of damages is alleged in the body of the complaint. [Citation.]" (*Id*. at p. 494, fn. omitted.)

The court in *Greenup* reaffirmed the court's earlier "strict construction of section 580," pointing out that "[s]ince *Becker*, the Courts of Appeal have insisted that due process requires formal notice of potential liability; actual notice may not substitute for service of an amended complaint." (*Greenup, supra*, 42 Cal.3d at p. 826.) In *Greenup*, the defendant had appeared, but the court struck the defendant's answer as a terminating sanction after egregious discovery violations and entered a default judgment that exceeded the prayer of the complaint, which sought $100,000 in punitive damages, but only sought other damages according to proof. The body of the plaintiff's complaint stated she suffered damages in excess of the court's jurisdictional requirements. (*Id*. at pp. 824-825, 830.) The court limited the compensatory damage award to $15,000 (the minimum amount at that time for superior court jurisdiction), but gave the plaintiff the choice between accepting the reduced damage award and amending her complaint, opening up the possibility that the defendant might file an answer. (*Id*. at pp. 830-831.)

The "strict construction" of section 580 as articulated by the Supreme Court has led the Courts of Appeal to consistently reject the argument that a statement of damages can satisfy the section's notice requirements in cases that do not involve personal injury or wrongful death. In *Electronic Funds Solutions v. Murphy, supra,* 134 Cal.App.4th 1161, the court reversed a default judgment of $8 million in compensatory and $16 million in punitive damages, even though the plaintiff had served the defendant with a statement of damages identifying those amounts. The court noted: "'Section 580 constitutes a statutory expression of the mandates of due process, which require "formal notice of potential liability." [Citations.]' [Citation.] Thus, courts have subjected section 580 to a 'strict construction.' (*Greenup, supra*, 42 Cal.3d at p. 826.) Strictly construed, serving a statement of damages cannot satisfy section 580 in an action not involving personal injury or wrongful death." (*Electronic Funds Solutions v. Murphy, supra,* at p. 1176.) The appellate court went on to hold, "Because the complaint in the present case did not seek damages for personal injury or wrongful death, plaintiffs' statement of damages fails to provide the formal notice required before plaintiffs may obtain compensatory damages exceeding the amount requested in the complaint. Consequently, we must reverse the judgment." (*Id.* at p. 1177.)

More recently, Division Eight of this court also concluded a statement of damages could not substitute for an amended complaint where the underlying claims did not involve personal injury or wrongful death. (*Rodriguez, supra,* 236 Cal.App.4th at p. 755.) The plaintiff sued her employer for wrongful termination, serving both the complaint and a statement of damages on the defendants at the same time. The prayer for relief in the complaint requested general, specific, compensatory, and punitive damages in an amount to be proven at trial. The statement of damages stated specific amounts for each category of damages. (*Id.* at pp. 746-747.) After the defendant failed to file a responsive pleading, the trial court entered default judgment for amounts less than those identified in the statement of damages. The trial court denied the defendant's motion to set aside the default judgment, reasoning the plaintiff could properly use a statement of damages to notify the defendant of the damage amounts. (*Id.* at p. 749.) The appellate

8

court reversed, holding that because the plaintiff's complaint did not include a personal injury claim, the court could not use the statement of damages as the basis for damages in the default judgment and could only award the amount of damages set forth in the complaint. (*Id*. at p. 755.) Other cases have also limited the utility of statements of damages to cases involving personal injury or wrongful death. (See, e.g., *Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 286 ["a statement of damages cannot be relied upon to establish plaintiff's monetary damages, except in cases of personal injury or wrongful death"]; *Levine v. Smith* (2006) 145 Cal.App.4th 1131, 1136 [in a case not involving personal injury or wrongful death, a statement of damages cannot be used to satisfy the notice requirements of section 580]; *Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199, 206, fn. 4 (*Sole Energy*) ["[s]tatements of damages are used only in personal injury and wrongful death cases, in which the plaintiff may not state the damages sought in the complaint"].)

We are also unconvinced by plaintiff's argument, unsupported by any case law, that because his complaint sought punitive damages, and because the statement of damages under sections 425.11 and 425.115 use the same Judicial Council form, he satisfied section 580 because he used the "statement provided for by Section 425.115." (§ 580, subd. (a).) This argument is contrary to the case law discussed above and fails to account for the fact that the default judgment in this case did not include any punitive damages. We are unaware of any published decision upholding a default judgment for compensatory (i.e., non-punitive) damages on a complaint not alleging a claim based on personal injury or wrongful death, where the defendant was served with a statement of damages provided for by section 425.115. The most common sense interpretation of that section as referenced in section 580, subdivision (a), is that a plaintiff cannot obtain a default judgment for *punitive* damages without first serving on defendant a statement of damages under section 425.115. The California Supreme Court in *Becker* rejected the argument that notification of the possibility of a $100,000 award of punitive damages could justify an award of compensatory damages beyond those stated in the complaint. The court reasoned: "It is irrelevant that the award of damages was within the total

9

amount of compensatory and punitive damages demanded in the complaint. Since compensatory and punitive damages are different remedies in both nature and purpose, a 'demand or prayer for one is not a demand legally, or otherwise, for the other, or for both.' [Citation.]" (*Becker, supra*, 27 Cal.3d at pp. 494-495.)

If plaintiff's argument was meritorious, the court in *Electronic Funds Solutions v. Murphy*, *supra,* 134 Cal.App.4th 1161 would have found that plaintiffs' statement of damages, which included a statement of punitive damages, sufficiently notified defendant of the possibility of both $8 million in compensatory damages and $16 million in punitive damages. Instead, after concluding that "the notice of punitive damages was fully effective to apprise defendants of the amount of the punitive damages being sought," it held that because it was vacating the compensatory damage award due to lack of formal notice, it must also vacate the award of punitive damages to permit the trial court to reconsider the amount of punitive damages in light of a $50,000 limit on compensatory damages. (*Id*. at p. 1178.)

The only case which could arguably support plaintiff's argument expressly declines to decide whether a statement of damages could satisfy section 580 in a non-personal injury case. In *Matera, supra,* 145 Cal.App.4th 44, the plaintiffs obtained default judgment in a case not involving personal injury or wrongful death after serving a statement of damages on the defendants' attorney. The court concluded that serving a statement of damages two days before entering default did not satisfy due process, even though nothing in section 580, 425.11 or 425.115 specifies the amount of time that must pass between service of a statement of damages and entry of default. (*Id.* at pp. 61-62.) The appellate court reversed the default judgment on the ground that the short time frame violated due process, but it expressly declined to examine whether a statement of damages could satisfy section 580 in a non-personal injury case. (*Id.* at p. 62, fn. 8.)

In light of the foregoing, we conclude the original trial court exceeded its jurisdiction under section 580 by entering default judgment when plaintiff's complaint did not state the amount of damages being sought. The statement of damages served on defendant was ineffective because plaintiff's case did not involve personal injury or

10

wrongful death, and because the default judgment did not include an award of punitive damages.

***A default judgment in excess of the trial court's jurisdiction is void, not voidable, to the extent it exceeds the relief sought in the complaint.***

Plaintiff also contends the court erred in considering defendant's motion under section 473, subdivision (d), because the default judgment was not void, but merely voidable. Subdivision (d) authorizes a court to set aside any void judgment or order, on motion of either party after notice to the other party. (§ 473, subd. (d); see also *Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 830 ["[a] void judgment can be attacked at any time by a motion under Code of Civil Procedure section 473, subdivision (d)"].) If the default judgment was merely voidable, rather than void, then the trial court would only have authority to set aside the judgment under subdivision (b) of section 473, which permits a court to vacate a judgment within six months if the judgment was entered as a result of "mistake, inadvertence, surprise or excusable neglect." (See *Lee v. An* (2008) 168 Cal.App.4th 558, 563-566 (*Lee*) [discussing the distinctions between void and voidable judgments].)

In his opening brief, plaintiff attacks defendant's reliance on *Sole Energy, supra,* 128 Cal.App.4th 199. Defendant's motion to vacate cited to *Sole Energy* to support his argument that a default judgment entered in violation of section 580 is void. Plaintiff argues that although the *Sole Energy* court used the term "void," it was dicta because the defendant moved to set aside the judgment within 90 days, which would be permissible even if the judgment was "voidable." Plaintiff also argues *Sole Energy*'s conclusion is no longer good law because two published opinions have taken a different approach. Those two cases, *Lee, supra,* 168 Cal.App.4th 558 and *Johnson v. E-Z Ins. Brokerage, Inc.* (2009) 175 Cal.App.4th 86 (*Johnson*), are distinguishable from the present case.

The plaintiffs in both *Lee* and *Johnson* obtained defaults after the court struck the defendant's answer as a terminating sanction, and neither case involved any examination

11

of whether the default judgment was entered in violation of section 580. In *Lee*, *supra*, 168 Cal.App.4th at page 562, the defendant filed a motion to vacate three years after the court entered default judgment against her. She claimed the default judgment was void because she did not receive notice that her conduct (failing to appear at a status conference) could result in terminating sanctions. The trial court denied her motion as untimely under section 473, subdivision (b), and the appellate court affirmed, reasoning that because the court had jurisdiction over the parties and the subject matter, its default judgment was voidable, rather than void. (*Id*. at pp. 563-566.) Notably absent from the entire opinion is any discussion of a court's jurisdiction to grant relief under section 580, or the Supreme Court's characterization of a default judgment entered in violation of section 580 as "void." (See *Greenup, supra*, 42 Cal.3d at p. 826; *Becker, supra*, 27 Cal.3d at pp. 492-493.) Similarly, in *Johnson, supra*, 175 Cal.App.4th at pages 98 through 100, the appellate court affirmed a lower court's order denying the defendant's motion to set aside a default judgment 12 years later, holding it was untimely because the default judgment was voidable, rather than void. The defendant had argued the default judgment was void because the lower court imposed terminating sanctions based on an ex parte motion. He did not argue, nor did the court consider, whether the complaint stated a damage amount, or whether the judgment met the requirements of section 580. Because neither opinion examined whether the complaint supported a damage award in compliance with section 580, we find them distinguishable.

More importantly, plaintiff's argument is at odds with the remaining body of case law, including consistent language from the California Supreme Court that a default judgment rendered in violation of section 580 is void or subject to collateral attack because it is beyond the court's jurisdiction to enter such a judgment. (*In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1167 [section 580 is to be interpreted, in accordance with its plain language, to deprive a trial court of jurisdiction to enter a judgment against a defaulting defendant which awards greater relief than that sought in the plaintiff's complaint]; *Greenup, supra*, 42 Cal.3d at p. 826 ["a default judgment greater than the amount specifically demanded is void as beyond the court's jurisdiction"]; *Becker, supra*,

27 Cal.3d at pp. 492-493 [judgment in violation of section 580 is subject to collateral attack].) Those cases that consider default judgments awarding damages in violation of section 580 have consistently viewed the judgments as void, not voidable, and subject to collateral attack at any time. (See, e.g., *Stein v. York* (2010) 181 Cal.App.4th 320, 326 ["a default judgment in an amount greater than the amount demanded is void and subject to either direct or collateral attack"]; *Levine v. Smith, supra,* 145 Cal.App.4th at pp. 1136-1137 [default judgment greater than amount demanded in complaint is void and subject to collateral attack]; *Electronic Funds Solutions v. Murphy, supra,* 134 Cal.App.4th at p. 1176 [default judgments rendered in violation of section 580 are void].)

In *Becker*, the defendants sought to vacate a default judgment eight months after it was entered, claiming it exceeded the court's jurisdiction under section 580. The court concluded that any award beyond the $20,000 amount stated was in excess of jurisdiction and therefore void. (*Becker, supra,* 27 Cal.3d at pp. 494-495.) Acknowledging a motion under section 473 would not have been timely, the court held collateral attack was proper to contest a judgment that was void for "'the granting of relief which the court has *no power* to grant [citations omitted].' [citations.]" (*Id.* at p. 493.)

Most recently in *Rodriguez, supra,* 236 Cal.App.4th 742, Division Eight concluded that a default judgment entered in violation of section 580 is void and must be vacated. The defendant moved to set aside the default judgment two years after it was entered, arguing it was void because the judgment exceeded the amount stated in the complaint. The trial court denied the defendant's motion, but Division Eight reversed, concluding, "the default judgment is excessive and therefore void." (*Id.* at p. 749.) As part of its reasoning that a default judgment in excess of the amount stated in the complaint is void, the *Rodriguez* court relied on *Greenup,* as well as *Levine v. Smith*: "'[A] default judgment greater than the amount specifically demanded is void as beyond the court's jurisdiction.' (*Greenup*[*, supra,*] 42 Cal.3d [at p.] 826; see also *Levine v. Smith*[*, supra,*] 145 Cal.App.4th [at p.] 1137.)" (*Rodriguez, supra,* p. 752.)

In light of the foregoing, we reject plaintiff's argument that the default judgment in this case is voidable, rather than void.

**DISPOSITION**

The order vacating default judgment is affirmed.  Each party is to bear their own costs on appeal.


KRIEGLER, J.


We concur:



MOSK, Acting P. J.



BAKER, J.