Filed 9/7/21  Tieu v. Tieu CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NHU TIEU, | |
| Plaintiff and Respondent, | G060205 |
| v. | (Super. Ct. No. 114CV266238) |
| NGHIA TIEU, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Santa Clara County, Mark H. Pierce, Judge.  Reversed and remanded with instructions.

Roberts Elliot and James Roberts for Appellant.

Wade Law Group and Amiel L. Wade for Respondent.

Nghia Tieu (Ex-Husband) brought a motion to vacate a default judgment entered against him in favor of Nhu Tieu (Ex-Wife), which the trial court denied. On appeal, Ex-Husband asserts the court erred because the judgment exceeded the amount sought by the complaint, the complaint did not state a claim, and the court lacked subject matter jurisdiction due to a pending family law case. Because the complaint did not state any dollar amount of damages, we agree the judgment was void. Accordingly, we reverse the postjudgment order denying the motion to vacate the default judgment and remand the matter for further proceedings consistent with this opinion.

FACTS

Ex-Husband and Ex-Wife were married in July 1988. In 1997, they invested in a restaurant, owning 40 percent of the business, along with Ex-Wife's sister, Linh Phuong Mai (Sister).[1] While Sister initially had a 40 percent ownership in the restaurant, in 2003, she was given an additional 11 percent. In 2013, the couple began divorce proceedings in a separate family law proceeding.

In June 2014, Ex-Wife sued Ex-Husband and Sister (collectively referred to as Defendants). Ex-Wife alleged Ex-Husband and Sister committed fraud by secretly withholding restaurant profits from her for over 20 years. Specifically, Ex-Wife alleged causes of action for breach of fiduciary duty, accounting, request for injunctive relief, conversion, involuntary dissolution of a corporation, various violations of the Corporations Code, removal of directors for fraudulent/dishonest acts, unjust enrichment, fraud, constructive fraud, reimbursement and indemnity, negligence, declaratory relief, and negligence per se. Subsumed within her fraud claim was a claim for "extreme mental anguish and emotional and physical distress, shame, mortification, and hurt feelings." The complaint did not list dollar amounts of damages linked to the causes of action. Instead, each cause of action alleged by Ex-Wife lacked any dollar amounts but instead

---

[1]     Sister is not a party to this appeal.

stated she suffered general and special damages according to proof and sought "punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct." The complaint also stated "[D]efendants have converted/embezzled the sum of approximately $1,500,000 from the Plaintiff and Company, depriving Plaintiff of substantial profits."

The proof of service of summons of the complaint indicated a certified process server served Defendants with a statement of damages. The copy of the statement of damages in our record on appeal, however, was not file stamped or on a Judicial Council form. It showed Ex-Wife sought damages against Defendants jointly and severally in the amount of $300,000 in general damages, $150,000 in special damages, and $300,000 in punitive damages.

Defendants answered the complaint and participated in the action for approximately 11 months. Ex-Wife requested terminating sanctions due to Defendants' failure to answer discovery requests and comply with court orders. Before terminating sanctions were entered, the court granted issue and evidence sanctions against Defendants due to their discovery abuse. The sanction provided for purposes of trial, Ex-Husband would be considered to have concealed at least $800,000 from Ex-Wife and would not be entitled to rebut that evidence. Thereafter, the court granted Ex-Wife's request for terminating sanctions against both Ex-Husband and Sister, striking their answers to the complaint and allowing Ex-Wife to seek entry of default. Defendants did not appear at the default prove-up hearing.

In March 2017, the trial court entered an amended default judgment (judgment) against Ex-Husband in the amount of $415,635 in favor of Ex-Wife. Specifically, the trial court explained the judgment breakdown as follows: $45,000 representing Ex-Wife's 20 percent share of the $225,000 purchase price of the restaurant, $320,000 representing the former couple's 40 percent share of the $800,000 that was

3

concealed by Ex-Husband, $50,000 representing punitive damages, and costs in the sum of $635.

In July 2019, Ex-Husband moved to set aside the judgment as void. The trial court denied the postjudgment motion to set aside the judgment, stating, "[t]his is a motion to set aside a void judgment which was entered on March 15, 2017 as a result of a default entered on October 28, 2015. The default was entered as a discovery sanction in a case that had been litigated for a time by the moving party [Ex-Husband] prior to the discovery sanction. [¶] Defendant now seeks to set aside the judgment some [three and one-half] years later as void. Defendant . . . failed to establish that the judgment is void on its face. The motion is therefore DENIED." Ex-Husband appealed from the court's order denying his postjudgment motion.

## DISCUSSION

Ex-Husband challenges the order denying his motion to set aside the judgment. He argues the court erred by concluding the judgment was not void because it exceeded the amount sought by the complaint, the complaint failed to state a claim, and the trial court lacked jurisdiction due to a pending family law case. We agree with Ex-Husband the judgment was void because it exceeded the amount sought by the complaint. We therefore reverse and remand the matter for further proceedings.

"'We review de novo the trial court's determination that a default judgment is or is not void.' [Citation.] [¶] 'The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint . . . .' [¶] . . . [¶] [Code of Civil Procedure] [s]ection 580 requires *formal* notice of damages sought *through the complaint* and does not consider whether a defendant had actual or constructive notice. [Citations.]"[2] (*Airs Aromatics, LLC v. CBL Data Recovery Technologies, Inc.* (2018) 23 Cal.App.5th 1013, 1018-1019.) Similarly, when a judge strikes a defendant's answer

---

[2] All further statutory citations are to the Code of Civil Procedure.

4

and enters a default judgment as a discovery sanction, the relief may not exceed the relief demanded in the complaint or statement of damages. (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 826.) "'The court cannot allow a plaintiff to prove different claims or different damages at a default hearing than those pled in the complaint.' [Citation.]" (*Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1182.)

A statement of damages is ineffective to save a default judgment on a complaint seeking general and special damages "according to proof," not based upon personal injury or wrongful death, even though plaintiff also pleaded an associated emotional distress claim. (See *Dhawan v. Biring* (2015) 241 Cal.App.4th 963, 970-971 (*Dhawan*).) A default judgment awarding damages in excess of the demand is void, and as such, may be challenged at any time. (*Id.* at p. 973.)

Ex-Wife does not allege dollar amounts related to causes of action anywhere in the complaint. The prayer does not list a monetary amount but merely references damages "according to proof." Similarly, the individual causes of action do not include any figures. The facts section of the complaint does refer to the restaurant having failed to report taxes of approximately $200,000 from 2010-2012, $1,250,000 "during the preceding fifteen years," and owing approximately $91,000 in back taxes to the Internal Revenue Service from 2010-2012. In sum, it alleges Defendants converted or embezzled approximately $1,500,000 from Ex-Wife and the restaurant. However, no claims are directly linked to those figures for the purpose of calculating damages.

Apparently recognizing her defective pleading, Ex-Wife contends she served a statement of damages on Ex-Husband, which remedies any omissions in the complaint. The statement of damages contained in our record, however, had no case number and was not file stamped. It also was not on a Judicial Council form and asserts joint and several liability against Defendants in the amounts of $300,000 for general damages, $150,000 for special damages, and $300,000 in punitive damages. It does not identify what portions of the claimed damages were attributed to each individual

defendant. Ex-Wife concedes, "The judgment roll does not include the statement of damages. Most likely the result of the statement of damages being lost." She further argues, without citation to the record or law, "The court can take judicial notice that Plaintiff [sic] request for entry of default would never have been entered if it had not been filed with the Court. It is standard operating procedure that when a request for entry of default is requested, based on the alleged service of a statement of damages, the Court will not enter the default without viewing the statement of damages. Therefore, the statement of damages must have been filed with (and approved by), the Court."

A party challenging a judgment has the burden on appeal to provide an adequate record to assess error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) Ex-Wife failed to carry this burden because she did not provide a statement of damages that indicated the trial court entered it into evidence as part of the default prove-up. However, even if we assume the statement of damages was properly before the court, the judgment remains void.

"[C]ase law favors a strict interpretation of section 580's requirement that a defendant be given formal notice—in the form of an amended complaint—of the extent of liability stemming from a decision to not appear in response to a complaint [or due to terminating sanctions.]" (*Dhawan*, *supra*, 241 Cal.App.4th at p. 970.) "The 'strict construction' of section 580 as articulated by the Supreme Court has led the Courts of Appeal to consistently reject the argument that a statement of damages can satisfy the section's notice requirements in cases that do not involve personal injury or wrongful death." (*Ibid.*) Indeed, a statement of damages is not required where an emotional distress claim is merely "'incidental'" to the cause of action. (*Schwab v. Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 432.)

The claims asserted in this action did not include those for wrongful death or personal injury. The fact that Ex-Wife also arguably alleged an emotional distress claim (although it was not separately stated and was simply listed under her fraud claim),

6

does not convert the underlying nature of the action. Similarly, the mere fact that Ex-Wife sought punitive damages does not relieve her from the requirement to list damages in her complaint. In any event, because we must vacate the compensatory damage award due to lack of formal notice, we must also vacate the award of punitive damages. (*Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1178.)

"We must reverse the order denying the motion to set aside the judgment, but this does not necessarily require reversal of the default. 'Vacating the default judgment has no necessary effect on the underlying default and simply returns the defendant to the default status *quo ante*.' [Citation.] When we reverse a judgment on the ground that the damages awarded exceeded those pled, the court may modify the judgment by reducing it to the amount specified in the complaint, or the plaintiff may choose to amend the complaint to state the full amount of damages he or she seeks. But if the plaintiff chooses the latter, the court should vacate the default, "'entitling defendants to either attack the pleadings, or answer the amended complaint.'" [Citations.]" (*Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 755.) Here, the complaint did not state a discernable dollar amount of damages. In order for Ex-Wife to seek any amount of damages, she must amend her complaint.

As a final matter, Ex-Husband asserts this case, filed in the general civil division of the trial court, should have instead been consolidated into the former couple's family law proceeding. Our record is insufficient to determine whether the family law case was related to this one or if it remains pending. On remand, the parties may raise this jurisdictional issue before the trial court. Because we reverse the matter on the ground that the damages awarded exceeded those pled, we need not address Ex-Husband's assertions the damage claims were not based upon a valid cause of action or the evidence offered in support of the original default prove-up was insufficient.

7

DISPOSITION

The postjudgment order denying Ex-Husband's motion to set aside the judgment is reversed. On remand, the trial court should allow Ex-Wife to amend the complaint to state the full amount of damages she seeks, at which point the default will be vacated. In the interest of justice, each party shall bear their own costs on appeal.


O'LEARY, P. J.

WE CONCUR:


FYBEL, J.


MARKS, J.*

*Judge of the Orange Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.