Filed 5/19/23  Buckley v. Obeng CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| JENNIE BUCKLEY et al., | B318104 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. 20STCV26441) |
| v. | |
| MICHAEL K. OBENG et al., | |
| Defendants and Appellants. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Michael P. Linfield, Judge.  Affirmed.

Law Offices of Levi Reuben Uku and Levi Reuben Uku for Defendants and Appellants Michael K. Obeng and Miko Surgery Center, Inc.

Lawson Law Offices, Antonio Lawson, Debra Lawson; Law Offices of Kendra Tanacea and Kendra Tanacea for Plaintiffs and Respondents Jennie Buckley and John Buckley.

————————————

Dr. Michael K. Obeng and Miko Surgery Center, Inc. appeal the order denying their joint motion to vacate a default and default judgment pursuant to Code of Civil Procedure section 473, subdivision (d),[1] primarily contending they were never served with the summons and complaint. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Complaint*

The July 14, 2020 complaint filed by Jennie Buckley and her husband, John Buckley, alleged Dr. Obeng is a board certified plastic surgeon; Miko is a California corporation engaged in the business of plastic and aesthetic surgery; and Dr. Obeng is the sole officer and director of Miko.[2] In early March 2019 Dr. Obeng performed cosmetic and reconstructive surgery on Jennie.[3] Without Jennie's knowledge or consent, Dr. Obeng posted photographs of Jennie's nude body on his and Miko's social media accounts, along with a description that, according to the Buckleys, left little doubt the photographs were of her. When the Buckleys' friends and colleagues alerted the couple to the photographs, Jennie was humiliated. Through her counsel, Jennie demanded that Dr. Obeng remove the photographs from all social media sites on which he posted. After the couple made

---

[1] Statutory references are to this code unless otherwise stated.

[2] The complaint also alleged Dr. Obeng was doing business as Miko Plastic Surgery. We adopt the usage of the parties and refer simply to Dr. Obeng.

[3] Because Jennie and John share the same surname, we refer to them by their first names for clarity.

several demands over a three-week period, Dr. Obeng finally took the photographs down; but, by then, the damage had been done. Jennie and John suffered extreme emotional distress and mental anguish as well as damage to their intimate relationship.

Jennie alleged causes of action for invasion of privacy in violation of article 1, section 1 of the California Constitution, violation of the Confidentiality of Medical Information Act (Civ. Code, § 56 et seq.), breach of fiduciary duty, negligence per se and misappropriation of likeness. John alleged a cause of action for loss of consortium. Both Jennie and John sought compensatory damages "in an amount according to proof," plus punitive damages and attorney fees pursuant to Civil Code section 3344, subdivision (a).

2. *The Default and Default Judgment*

Neither Dr. Obeng nor Miko responded to the complaint. On November 6, 2020 the Buckleys filed a request to enter default that included proofs of service signed by a registered process server under penalty of perjury attesting he had personally served Dr. Obeng with the summons and complaint on July 30, 2020 at 1:10 p.m. at Miko's Beverly Hills address and had personally served the same documents on Dr. Obeng as "a person authorized to accept service of process" for Miko. A copy of the summons and complaint was also mailed to Dr. Obeng and Miko at the same address on August 14, 2020.

Two additional proofs of service signed by a registered process server attested that he personally served Dr. Obeng with a statement of damages, and personally served the same on

Joshua Richman, a person authorized to accept service of process for Miko, on September 21, 2020.[4]

Dr. Obeng's and Miko's defaults were entered on November 6, 2020.

Eleven months later, on October 8, 2021, after the Buckleys had submitted their trial brief, declarations and exhibits in support of the prove-up hearing (all of which were also served by mail on Dr. Obeng and Miko prior to the hearing), the court found Dr. Obeng and Miko jointly liable for invasion of privacy and awarded Jennie $500,000 in general damages (less than the $700,000 she had requested) and nothing in special damages, finding as to the latter claim that Jennie had presented no evidence of her claim of $40,000 in medical damages. The court awarded $100,000 in general loss-of-consortium damages to John (less than the $200,000 he had requested). The court also awarded the couple attorney fees of $7,890 and $2,456.61 in costs. Judgment was entered on October 8, 2021.

3. *Dr. Obeng's and Miko's Motion To Vacate the Default and Default Judgment*

On October 18, 2021 Dr. Obeng and Miko jointly moved to vacate the default and default judgment,[5] asserting neither Dr. Obeng nor Miko had been served with the summons and

---

[4] The proofs of service for the statement of damages are in the record on appeal. The statement of damages is not.

[5] Although styled in the caption as only a motion to vacate default judgment, the notice of motion stated Dr. Obeng and Miko sought an order vacating both the default and the default judgment.

4

complaint and arguing the judgment was void under section 473, subdivision (d).

In a supporting declaration included with the motion, Dr. Obeng stated he had been in surgery at 1:10 p.m. on July 30, 2020 when the summons and complaint were purportedly served, making service impossible and the proof of service false. Dr. Obeng stated that he intended to separately lodge documents with the court that would support his claim. (Those documents, erroneously lodged with an incorrect caption that listed the wrong parties, were ultimately excluded after the court sustained the Buckleys' hearsay and authentication objections.) Dr. Obeng further explained he knew the serious consequences of a default judgment and would not have failed to answer the complaint had he been aware of it. He emphasized the proof of service of the summons and complaint did not identify the physical characteristics of the person allegedly served.

Dr. Obeng and Miko's motion also sought relief based on mistake or excusable neglect (§473, subd. (b)) and lack of actual notice (§ 473.5) and included with their moving papers an answer to the complaint. No attorney affidavit of fault was submitted.

The Buckleys' opposition papers included a declaration from their counsel and several proofs of service attesting to personal service of the summons and complaint, personal service of the statement of damages on Dr. Obeng and on Richman, as a person authorized to accept service of process on Miko's behalf, as well as mail service of all other documents.

In reply counsel for Dr. Obeng and Miko submitted his own declaration, attaching a document he obtained from the Secretary of State's website listing Richman as Miko's authorized agent for

5

service of process and arguing in his declaration that Richman had not been served with the summons and complaint.

### 4. *The Court's Ruling Denying the Motion To Vacate the Default and Default Judgment*

The court denied Dr. Obeng and Miko's motion to vacate the default and default judgment on December 9, 2021. The court rejected Dr. Obeng and Miko's contention the judgment was void pursuant to section 473, subdivision (d), for lack of service of process or under section 473.5 for lack of actual notice. The court found Dr. Obeng's declaration that he had not been served with the complaint unpersuasive. Dr. Obeng did not dispute that he had been personally served with a statement of damages before the default judgment was entered (as well served by mail with a number of other documents relating to the lawsuit), yet he did nothing, suggesting that, despite his assertions to the contrary, Dr. Obeng was content to ignore the litigation until he was subject to a substantial damage award.[6]

As to Miko, the court pointed out the suggestion in counsel's declaration that the wrong person had been served with the summons and complaint on Miko's behalf had not been raised as a ground for relief in the motion or even in the reply and questioned whether it was properly before the court. In any event, the court observed, Dr. Obeng had been personally served with the summons and complaint and Richman had been properly served with the statement of damages in September

---

[6] The court also ruled there was no evidence of mistake or excusable neglect to support relief under section 473, subdivision (b), and did not reach the Buckleys' arguments, made in a supplemental opposition, that the section 473, subdivision (b), motion was untimely.

2020, yet Miko, having actual notice of the lawsuit, still did nothing for nearly a year until a substantial damage award had been entered.

Finally, the court noted Dr. Obeng and Miko were not naïve litigants. On its own motion the court took judicial notice that Dr. Obeng and Miko had been parties in more than 30 other lawsuits in the Los Angeles Superior Court over the preceding eight years.

## DISCUSSION

1. *Standard of Review*

Section 473, subdivision (d), grants a trial court discretion to set aside a void judgment.[7] (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020 (*Pittman*); *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495.) The court has no statutory power under section 437, subdivision (d), to set aside a judgment that is not void. (*Cruz,* at pp. 495-496.) Thus, the reviewing court "generally faces two separate determinations when considering an appeal based on section 473, subdivision (d): whether the order of judgment is void and, if so, whether the trial court properly exercised its discretion in setting it aside." (*Nixon Peabody LLP v. Superior Court* (2014) 230 Cal.App.4th 818, 822; accord, *Kremerman v. White* (2021) 71 Cal.App.5th 358, 369.) The trial court's determination whether an order is void is reviewed de novo; its decision whether to set aside a void order is reviewed for abuse of discretion. (*Kremerman,* at p. 369; *Pittman,* at p. 1020; *Nixon,* at p. 822; *Cruz,* at p. 496.)

---

[7] Section 473, subdivision (d), provides in part, "The court may, . . . on motion of either party after notice to the other party, set aside any void judgment or order."

2. *Dr. Obeng and Miko's Motion To Vacate the Default Judgment Pursuant to Section 473, Subdivision (d), Was Timely*

An order is void on its face "only when the invalidity is apparent from an inspection of the judgment roll or court record without consideration of extrinsic evidence." (*Pittman, supra,* 20 Cal.App.5th at p. 1021; accord, *OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1326; *Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434, 1440.) There is no time limit to attack on order that is void on its face. (*Pittman,* at p. 1021; *OC Interior Services,* at p. 1327.)

When, as here, a party moves under section 473, subdivision (d), to set aside a judgment that, although valid on its face, is void for lack of improper service, as demonstrated through extrinsic evidence such as declarations and testimony, the motion must be brought within the time limits specified in section 473.5. (*Bae v. T.D. Service Co of Arizona* (2016) 245 Cal.App.4th 89, 87; *Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 180; see *Pittman, supra,* 20 Cal.App.5th at p. 1021.)

Section 473.5, in turn, permits a court to set aside a default or default judgment if the defendant, through no inexcusable fault of its own, received no actual notice of the action, provided that the relief is requested "within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered."

Dr. Obeng and Miko filed their motion to vacate on October 18, 2021, within two weeks after the entry of the default

8

judgment. Although the Buckleys concede the motion to vacate was timely as to the default judgment, they argue it was not timely with respect to the entry of default because it was filed substantially more than 180 days after service of written notice of entry of default. And, they imply, setting aside the default judgment without setting aside the default would be an "idle act." (*Pulte Homes Corp. v. Williams Mechanical, Inc.* (2016) 2 Cal.App.5th 267, 273.)

The Buckley's first point is correct: The request to set aside the default was untimely. The second point is not. Although a party who is in default is barred from further participation in the proceedings, including excepting to evidence at the prove-up hearing (see, e.g., *Siry Investment, L.P. v. Farkhondehpour* (2022) 13 Cal.5th 333, 343), the defaulting defendant may still move for a new trial based on errors in law (*id.* at pp. 344-345) or appeal from the new default judgment if the challenged judgment is set aside (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 282). Because some form of effective relief is theoretically available to them, Dr. Obeng's and Miko's motion to vacate the default judgment, timely brought, is properly considered on its merits.

3. *The Court Did Not Err in Denying the Motion To Vacate the Default Judgment*

In contending the judgment is void, Dr. Obeng and Miko rely on Dr. Obeng's declaration that he was in surgery on the date and time listed in the July 30, 2020 proof of service and thus could not have accepted service of the summons and complaint. Although the return of a registered process server "establishes a presumption affecting the burden of producing evidence of the facts stated in the return" (Evid. Code, § 647), a party's

9

declaration of nonservice, if credited, can rebut the presumption. (See *Fernandes v. Singh* (2017) 16 Cal.App.5th 932, 941.) However, the court did not credit Dr. Obeng's declaration. As discussed, the court found Dr. Obeng's claim he had not been served with the summons and complaint and would have responded if he had been was unpersuasive in light of his failure to respond to the statement of damages personally served on him prior to the entry of default or to the numerous other documents mailed to him in advance of the hearing for a default judgment.[8] The court explained Dr. Obeng's failure to respond evidenced his intent to willfully ignore the lawsuit, at least until a substantial damage award was entered against him. Given this credibility evaluation by the trial court, amply supported by the record, Dr. Obeng has not demonstrated that the judgment was void and the court abused its discretion when it denied his motion to vacate. (See *id.,* at p. 940 ["[t]he denial of a motion to vacate is reviewed for an abuse of discretion, and we defer to the trial court's resolution of any factual conflicts in the declarations"].)

Similarly claiming it had not been personally served with the summons and complaint, Miko refers this court to evidence in the record that Richman, not Dr. Obeng, was listed with the Secretary of State as Miko's designated agent for service of process and urges us to reach the issue despite its failure to properly raise that argument in the trial court. The argument fails on its merits. Dr. Obeng does not dispute he was the sole officer and director of Miko. As such, under section 416.10,

---

[8] Dr. Obeng asserts the statement of damages was served only on Miko, not on Dr. Obeng as an individual. The record includes proofs of service attesting both were served.

subdivision (b), he was authorized to accept service of process on its behalf.[9]

Dr. Obeng and Miko make a number of additional arguments why the judgment is void, all of which lack merit. First, they contend the complaint included a prayer for damages "according to proof," without providing notice of the damages sought. (See §§ 425.10, subd. (a)(2) [a complaint shall contain a demand for judgment; if damages are demanded, "the amount demanded shall be stated"].) As a result, they assert, the judgment necessarily exceeded the "undisclosed" amount demanded in the complaint. (See § 580, subd. (a) [when no answer is filed, the relief granted to the plaintiff cannot exceed that demanded in the complaint, in the statement required by section 425.11 or in the statement provided for by section 425.115].)

However, in personal injury actions the plaintiff is prohibited from stating in the complaint the amount of damages sought. (§ 425.10, subd. (b).) Instead, the plaintiff must serve a statement of damages setting forth the nature and amount of damages before a default may be taken. (§ 425.11, subd. (d)(1);

---

[9] Section 416.10 provides in part, "A summons may be served on a corporation by delivering a copy of the summons and the complaint by any of the following methods: [¶] (a) To the person designated as agent for service of process [as provided by statute]. . . . [¶] (b) To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process."

11

*Rios v. Singh* (2021) 65 Cal.App.5th 871, 885; *Dhawan v. Biring* (2015) 241 Cal.App.4th 963, 968.)

Dr. Obeng and Miko do not challenge the court's findings the nature and amount of damages were properly identified in the statement of damages or contend the damages awarded exceeded the demand in the statement. They also concede that Jennie's action for invasion of privacy sounds in personal injury. However, they argue the exception for stating the amount of damages in a personal injury complaint does not apply here. According to Dr. Obeng and Miko, what may have been pleaded as a personal injury action became a "nonpersonal injury lawsuit" when the case was reassigned after entry of default from a "personal injury docket" to an independent calendar court for a default prove-up hearing. Once this transformational reassignment occurred, they assert, it was the Buckleys' responsibility to amend their complaint to include a prayer for damages, as is required in nonpersonal injury actions. The contention, while creative, is devoid of any arguable merit. The court's reassignment of the case for case management purposes did not alter the nature of the pleading.

Second, Dr. Obeng and Miko contend the judgment is void because the complaint failed to state a cause of action for invasion of privacy as a matter of law. Had Dr. Obeng and Miko appealed the default judgment, they could have attacked it on that ground despite their failure to file a responsive pleading. (See *First American Title Ins. Co. v. Banerjee* (2022) 87 Cal.App.5th 37, 45 (*First American*) ["had defendants directly appealed from the default judgment they could have attacked the complaint as not stating a cause of action"]; *Kim v. Westmoore Partners, Inc., supra,* 201 Cal.App.4th at p. 282 [party may

12

directly appeal default judgment on ground complaint fails to state a cause of action as a matter of law]; *Vasey v. California Dance Co.* (1977) 70 Cal.App.3d 742, 745 [same].)  Because Dr. Obeng and Miko appealed only from the order denying the motion to vacate the judgment, however, "[o]ur review is limited to whether the trial court erred in finding the default judgment was not void." (*First American,* at p. 46; but see *Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1015 [a default judgment "cannot stand" if it does not state a cause of action as pleaded; accordingly the trial court did not err in granting motion to vacate it].)[10]  The complaint set forth in plain terms Jennie's action for invasion of privacy in violation of the California

---

[10] In *Grappo v. McMills, supra,* 11 Cal.App.5th 996 the majority affirmed the trial court's order granting relief from default judgment under section 473, subdivision (d), on the ground the complaint failed to state a cause of action.  In reaching this conclusion, the majority relied on cases reversing a default judgment on direct appeal from the judgment.  (See *Grappo*, at p. 1015, citing *Kim v. Westmoore Partners, Inc.*, *supra*, 201 Cal.App.4th 267 and *Vasey v. California Dance Co.* (1977) 70 Cal.App.3d 742.)  Without addressing the compelling facts at issue in *Grappo* or the different procedural posture in the court of appeal, we find, on the question whether a default judgment can be attacked collaterally as void on the ground the complaint fails to state a cause of action, *First American, supra,* 87 Cal.App.5th 37 presents the better analysis.  (See *First American,* at p. 46 [disagreeing with *Grappo* majority and agreeing with the *Grappo* dissent; "a 'default judgment cannot be attacked *collaterally* on the ground the complaint fails to state a cause of action[;] [judgment] is valid as long as the complaint is 'sufficient to apprise [the defendant] of the nature of the [plaintiff's] demand'"].)

Constitution. Dr. Obeng and Miko do not contend the complaint failed to apprise them of the nature of the invasion of privacy action nor does the record remotely suggest as much.

Third, Dr. Obeng and Miko contend Jennie's privacy claim is barred by an unidentified one-year statute of limitations for personal injury actions. Apart from whatever merit that affirmative defense may have had had it been pleaded in the answer or argued on demurrer, no such responsive pleadings were filed. Dr. Obeng and Miko's effort to raise the statutory bar now is far too late and not properly before us on appeal. That a cause of action may be time-barred does not make the judgment void. (Cf. *Davies v. Krasna* (1975) 14 Cal.3d 502, 508 [failure to timely raise applicable statute of limitations results in forfeiture of that defense]; *Area 55, LLC v. Nicholas & Tomasevic, LLP* (2021) 61 Cal.App.5th 136, 173-174.)

Finally, Dr. Obeng and Miko assert the court "fixated" on their counsel's errors rather than on the public policy promoting merits-based decisions. In particular, in its written ruling the trial court chastised counsel for moving and reply papers that contained an improper caption and included arguments referring to unknown parties and unpleaded causes of action and characterized the effort as a sloppy "cut-and-paste job." The court's observations about the quality of counsel's work product, although perhaps unnecessarily harsh, were accurate. But they did not factor in the court's decision, which was grounded in law and evidence.[11]

---

[11] The Buckleys' motion to admit new evidence on appeal pursuant to section 909 and California Rules of Court, rule 8.252 is denied.

14

## DISPOSITION

The order is affirmed.  The Buckleys are to recover their costs on appeal.


PERLUSS, P. J.


We concur:


SEGAL, J.


FEUER, J.